Filed 3/1/21  P. v. McDaniels CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305372 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA076378) |
| v. | |
| LAMARR MARQUIS MCDANIELS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Reversed.

Thomas T. Ono, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Before us is an appeal from the summary denial of Lamarr Marquis McDaniels's petition seeking resentencing under Penal Code[1] section 1170.95 which implemented Senate Bill No. 1437, making the natural and probable consequences doctrine unavailable to support a murder conviction.

The trial court denied McDaniels's resentencing petition because he failed to establish a prima facie case for resentencing on either his murder or attempted murder convictions. We reverse the trial court's order as it relates to the murder conviction because the record of conviction does not show as a matter of law that McDaniels is not entitled to resentencing. We, however, find no error regarding denying McDaniels's petition as to the attempted murder conviction because section 1170.95 does not provide for resentencing of attempted murder convictions. We thus remand the case to the trial court to issue an order to show cause as to McDaniels's murder conviction only.

## BACKGROUND

### 1. *Information and Conviction*

In May 2020, the People charged McDaniels and three codefendants with the murder of Miguel Sanchez. The People further alleged a firearm enhancement within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1). The People also charged McDaniels and his confederates of the attempted murder of Salvador Velasquez and alleged a firearm enhancement within the meaning of section 12022.53,

---

[1] Undesignated statutory citations are to the Penal Code.

2

subdivisions (b) and (e)(1). With respect to both counts, the People alleged a gang enhancement under section 186.22. The People charged McDaniels with possession of a firearm by a felon and, in connection with that count, listed four prior felony convictions. As explained below, McDaniels was tried twice on the murder and attempted murder charges.

In our prior opinion following McDaniels's second jury trial (*People v. McDaniels et al.* (Mar. 9, 2015, B250574) [nonpub. opn.] (*McDaniels I*), we described the facts, which we now summarize.[2]

There was evidence that McDaniels and the shooter were members of the Duroc Crips gang. The day before the shooting, McDaniels gave the shooter a gun. On February 9, 2008, McDaniels drove the shooter and two other Duroc Crips gang members or associates, and McDaniels indicated the group was going to "hit some corners." When victims Miguel Sanchez and Salvador Velasquez were walking, McDaniels made a sharp turn and proceeded towards them. McDaniels slowed the vehicle to allow his passenger to shoot the victims. McDaniels's passenger began to shoot numerous shots in rapid succession. Sanchez was killed. Velasquez survived.

A gang expert testified that the shootings were in retaliation for an earlier gang shooting. The gang expert also testified that "hitting corners," meant "going into a rival gang's territory to look for an enemy to attack." (*McDaniels I*, *supra*, B250574.)

---

[2] In evaluating a section 1170.95 petition, we may rely on the record of conviction including this court's prior opinions. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 333 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

The shooter testified that no one in the car knew he had a gun. According to the shooter, when McDaniels gave him the gun it was not loaded. The shooter admitted to firing the gun at Sanchez and Velasquez and testified that he fired at them for personal reasons.

The first jury convicted McDaniels of being a convicted felon in possession of a firearm. The jury was not able to reach a verdict on the murder and attempted murder charges.

In a second trial, McDaniels was tried along with the shooter. The second jury convicted McDaniels and the shooter of first degree murder. (All further references to the jury are to the second jury.) The jury further found that a principal personally used a firearm and that the gang enhancement was true. The jury also convicted McDaniels and the shooter of willful, deliberate, and premediated attempted murder and further found that a principal personally used a firearm. The jury found the gang enhancement true in connection with the attempted murder.

The trial court sentenced McDaniels to a total indeterminate term of 90 years to life and a concurrent two-year determinate term.

## 2. *Jury Instructions*

At McDaniels's second trial, the jury instructions included the following. "To prove that the defendant is guilty of Murder and/or Attempted murder, the People must prove that: [¶] 1. The defendant is guilty of Assault with a Semi-automatic firearm, or Carrying a concealed firearm; [¶] 2. During the commission of Assault with a Semi-automatic firearm, or Carrying a concealed firearm, a coparticipant in that Assault with a Semi-automatic firearm or Carrying a concealed firearm

4

committed the crime of Murder and Attempted Murder; [¶] AND [¶] 3. Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of the Murder and/or Attempted Murder was a natural and probable consequence of the commission of the Assault with a Semi-automatic firearm or Carrying a concealed firearm. [¶] . . . [¶] If you decide that the defendant, Lamarr McDaniels, aided and abetted one of these crimes and that Murder and or Attempted Murder was a natural and probable consequence of that crime, the defendant is guilty of Murder and/or Attempted Murder. You do not need to agree about which of these crimes the defendant aided and abetted." (*McDaniels I*, *supra*, B250574.)

The court instructed the jury on two theories of first degree murder—willful, deliberate, and premediated murder, and murder committed by intentionally shooting from a motor vehicle at a person outside the vehicle with intent to kill.

The court further instructed the jury: "The defendants [McDaniels and the shooter] are charged in Count 1 with murder in violation of Penal Code section 187. [¶] To prove that the defendants are guilty of this crime, the People must prove that: [¶] 1. The defendant committed an act that caused the death of another person; [¶] AND [¶] 2. When the defendant acted, he had a state of mind called malice aforethought. [¶] There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. [¶] The defendant acted with express malice if he unlawfully intended to kill. [¶] The defendant acted with implied malice if: [¶] 1. He intentionally committed an act; [¶] 2. The natural and probable consequences of the act were

5

dangerous to human life; [¶] 3. At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] 4. [H]e deliberately acted with conscious disregard for human life." (*McDaniels I*, *supra*, B250574.)

### 3.  *Prior Appeal*

McDaniels, who was not the actual shooter, previously appealed from the judgment of conviction. In the time between his trial and the appellate decision, our Supreme Court decided *People v. Chiu*, which held that an "aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine. Rather, his or her liability for that crime must be based on direct aiding and abetting principles." (*People v. Chiu* (2014) 59 Cal.4th 155, 158–159.) *Chiu* further held that a first degree murder conviction requires reversal unless the reviewing court concludes "beyond a reasonable doubt that the jury based its verdict on the legally valid theory that defendant directly aided and abetted the premediated murder." (*Id*. at p. 167.) *Chiu* "left in place natural and probable consequences liability for second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 845 (*Gentile*).)

In *McDaniels I,* we held that McDaniels's conviction for first degree murder must be conditionally reversed because it was inconsistent with *Chiu*. We gave the People a choice:  either accept a reduction of the murder conviction to second degree murder or retry the murder charge as to McDaniels. We affirmed McDaniels's remaining convictions. In doing so, we concluded that the jury could have convicted McDaniels either based on direct aiding and abetting liability or based on a conclusion that murder was the natural and probable consequences of either assault with a semiautomatic firearm or carrying a concealed

6

weapon. We explained: "[E]vidence that McDaniels gave [his confederate] the gun was uncontradicted, and the jury instructions permitted the jury to convict McDaniels of first degree premediated murder by concluding he aided and abetted the crime of carrying a concealed firearm. . . . Nothing in the record permits us to conclude beyond a reasonable doubt that the jury did not, in fact, adopt that analysis and base its verdict on a legally invalid theory." (*McDaniels I, supra*, B250574.) We further held that substantial evidence supported McDaniels's murder conviction as a direct aider and abettor.

### 4.    *Resentencing After* **McDaniels I**

The People elected not to retry defendant. The trial court resentenced him to a total indeterminate term of 80 years to life and again ordered the two-year determinate term to run concurrently.

### 5.    *Petition for Resentencing*

On June 10, 2019, McDaniels filed in propria persona a petition for resentencing. He alleged that he was convicted of murder pursuant to the natural and probable consequences doctrine. McDaniels alleged that he could no longer be convicted of murder because of changes to sections 188 and 189, effective January 1, 2019. McDaniels requested that counsel be appointed for him.

The trial court appointed counsel to represent McDaniels. The People opposed McDaniels's petition for resentencing arguing, among other things, that there was sufficient evidence to convict him of directly aiding and abetting the murder.

Through counsel, McDaniels filed a response arguing that the jury was instructed on the "now prohibited" theory of natural

7

and probable consequences doctrine and that alone demonstrated a prima facie case for relief under section 1170.95. McDaniels also sought resentencing for his attempted murder conviction.

**6.      *Trial Court's Denial of McDaniels's Petition***

The trial court denied McDaniels's petition for resentencing, finding he failed to establish a prima facie case for relief. The court also concluded that section 1170.95 does not apply to attempted murder convictions.

## DISCUSSION

Prior to the enactment of Senate Bill No. 1437, a defendant who aided and abetted a crime that resulted in a victim's death could be convicted under the natural and probable consequences theory even if the defendant did not act with malice. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595 (*Offley*).) "The natural and probable consequences doctrine provides that ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime. . . ." [Citation.]' [Citation.] The doctrine ' "imposes vicarious liability for any offense committed by the direct perpetrator that is a natural and probable consequence of the target offense. . . ." [Citation.]' " (*People v. Duke* (2020) 55 Cal.App.5th 113, 120 (*Duke*), review granted Jan. 13, 2021, S265309.)

The Legislature enacted Senate Bill No. 1437 "after determining that there was further 'need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides.' " (*Gentile, supra*, 10 Cal.5th at pp. 838–839.) Senate Bill No. 1437 changed the law on murder

8

and added section 1170.95, which allows defendants convicted of murder based on the natural and probable consequences doctrine to petition for resentencing.[3]  Senate Bill No. 1437 did not alter the viability of a murder conviction based on direct aiding and abetting liability.  "One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*Offley*, *supra*, 48 Cal.App.5th at pp. 595–596.)

Section 1170.95 sets forth a multistep decision process.  If the petitioner makes a prima facie showing that he or she is eligible for and entitled to relief under the statute, then the trial court "shall issue an order to show cause." (§ 1170.95, subds. (b) & (c); *Verdugo*, *supra*, 44 Cal.App.5th at pp. 328–329, review granted.)  " 'A prima facie showing is one that is sufficient to support the position of the party in question.' " (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137 (*Lewis*), review granted Mar. 18, 2020, S260598.)

We recently explained the requirements for a petitioner to establish a prima facie case for resentencing under section 1170.95. (*People v. Nguyen* (2020) 53 Cal.App.5th 1154 (*Nguyen*).)  "Under section 1170.95, subdivision (a), 'A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶]  (1) A complaint, information, or indictment was filed against the

---

[3]  Section 1170.95 also applies to felony murder.  That doctrine is not at issue in this case.

petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' "  (*Nguyen*, at p. 1164.)

"In determining whether a petitioner has made a prima facie showing that he or she is entitled to relief, the 'trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record "contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner." [Citation.]  However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . .' "  (*Nguyen, supra,* 53 Cal.App.5th at pp. 1165–1166.)  We explained that a petitioner fails to establish a prima facie showing if the petition is untrue as a matter of law.  (*Ibid.*)

We reached the same conclusion in *People v. Swanson* (2020) 57 Cal.App.5th 604, 612 (*Swanson*), review granted

10

February 17, 2021, S266262, stating that the "contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief." (See also *People v. Duchine* (Feb. 9, 2021, A157980) __ Cal.App.5th __ [2021 Cal.App.Lexis 114 at pp. *25–*26] ["absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent," the petitioner has established a prima facie case]; *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [reversing the trial court's order finding no prima facie case because the trial court engaged in factfinding that was not supported as a matter of law by the record of conviction]; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 116, review granted Feb. 10, 2021, S265692) ["The trial court should not accept the petitioner's assertions as true and issue an order to show cause if substantial evidence in the record supports a murder conviction under current law."].) We previously explained, and it is undisputed that, if the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause. (*Offley*, *supra*, 48 Cal.App.5th at p. 596.)

## A. McDaniels Established a Prima Facie Case for Resentencing of His Murder Conviction

McDaniels argues, and the Attorney General agrees, that the trial court erred in denying McDaniels's petition for resentencing without issuing an order to show cause and holding a hearing with respect to the murder conviction. As we explain, we agree with the parties.

In *Lewis*, *supra*, we concluded the petitioner did not establish a prima facie case for resentencing. (43 Cal.App.5th 1128, review granted.) The trial court instructed the jury on

11

natural and probable consequence theory, on direct aiding and abetting, and on conspiracy. (*Id*. at p. 1133.) The jury verdict did not indicate upon which murder theory it relied. (*Ibid*.) In a direct appeal from the judgment of conviction, this court concluded that it was error to give the natural and probable consequences instruction but the error was harmless beyond a reasonable doubt based "on 'strong evidence' that defendant 'directly aided and abetted [the perpetrator] in the premeditated murder of [the victim].' " (*Id*. at p. 1134.) Because the evidence was so strong, "we held that the record established that the jury found defendant guilty beyond a reasonable doubt on the theory that he directly aided and abetted the perpetrator of the murder." (*Id*. at pp. 1138–1139.) Prior to petitioner's petition for resentencing, "[t]he issue whether defendant acted as a direct aider and abetter ha[d] thus been litigated and finally decided against" the petitioner. (*Ibid*.) Therefore, the petitioner could not establish a prima facie case for resentencing under section 1170.95.

In *Offley*, we again considered whether a petitioner established a prima facie case for resentencing under section 1170.95. The jury was instructed that " '[a] member of a conspiracy is not only guilty of the particular crime that to his knowledge his confederates agreed to and did commit, but is also liable for the natural and probable consequences of any crime of a co-conspirator to further the object of the conspiracy . . . .' " (*Offley*, *supra*, 48 Cal.App.5th at p. 593.) We held that because "we cannot rule out the possibility that the jury relied on the natural and probable consequences doctrine in convicting Offley," he was not " 'ineligible for relief as a matter of law.' " (*Id*. at p. 599.) In contrast to *Lewis*, where the instructional error

12

was harmless beyond a reasonable doubt, in *Offley*, the jury could have relied on the natural and probable consequences doctrine.

Like in *Offley* and in contrast to *Lewis,* the error in instructing McDaniels's jury on natural and probable consequences was not harmless beyond a reasonable doubt.  In McDaniels's prior appeal, we explained:  "Nothing in the record permits us to conclude beyond a reasonable doubt that the jury did not . . . base its verdict on a legally invalid theory" of natural and probable consequences.  (*McDaniels I*, *supra*, B250574.)  Because the record of conviction does not refute as a matter of law McDaniels's statement that he was convicted based on the natural and probable consequences doctrine, the trial court erred in summarily denying McDaniels's petition.  (*Swanson*, *supra*, 57 Cal.App.5th at p. 612, review granted ["The contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief."]; *Nguyen*, *supra*, 53 Cal.App.5th at pp. 1165–1166 [no prima facie showing if petition untrue as a matter of law]; *Lewis*, *supra*, 43 Cal.App.5th at p. 1138, review granted [no prima facie case when record of conviction shows as a matter of law that the petitioner is not eligible for relief].)[4]

---

[4]  The conclusion that McDaniels established a prima facie case for resentencing is consistent with *Duke*, *supra*, 55 Cal.App.5th 113, review granted.  In *Duke*, as here, in an appeal from the judgment of conviction, this court conditionally reversed the first degree murder conviction because "we could not rule out the possibility that the jury relied on the natural and probable consequences doctrine to convict Duke . . . ."  (*Id*. at p. 119.)  Jurors could have convicted Duke based on the natural and probable consequences doctrine based on aiding and abetting a premediated murder.  (*Id*. at pp. 122–123.)  Duke filed a

13

The Attorney General correctly argues: "Although the facts strongly support a finding that [McDaniels] directly aided and abetted murder (and thus is ineligible for resentencing relief)" the record of conviction does not support that conclusion as a matter of law. It follows that the case must be remanded for the trial court to issue an order to show cause. (§ 1170.95, subd. (c).) At the order to show cause hearing, the trial court may review the record of conviction and any new evidence proffered by the parties. (*Id.*, subd. (d)(3).) Because we remand the matter for the trial court to conduct an order to show cause hearing, we need not consider the parties' additional arguments concerning why the trial court should issue an order to show cause. We also express no opinion on how the trial court should rule at the order to show cause hearing.

## B.  Section 1170.95 Does Not Apply to a Conviction for Attempted Murder

McDaniels next argues that he is eligible for resentencing on his conviction for attempted murder. Although some courts have held that Senate Bill No. 1437 applies to *nonfinal* convictions for attempted murder (see, e.g., *People v. Medrano*

---

petition for resentencing, and the trial court found that Duke established a prima facie case for resentencing, set an order to show cause, and held a hearing on Duke's eligibility for resentencing. (*Id*. at p. 119.) On appeal, this court considered the prosecution's standard at the section 1170.95, subdivision (d)(3) hearing. (*Duke*, at p. 119.) Just as the petitioner in *Duke*, McDaniels is entitled to a hearing under section 1170.95, subdivision (d)(3) because we cannot rule out the possibility that the jury in his original trial relied upon a natural and probable consequences theory.

14

(2019) 42 Cal.App.5th 1001, 1015–1016, review granted
Mar. 11, 2020, S259948), "[n]o court has held that Senate
Bill 1437 applies retroactively to final convictions of
attempted murder," (*People v. Harris* (Feb. 3. 2021, E074136)
___ Cal.App.5th ___, ___ [2021 Cal.App.Lexis 96 at pp. *5–*6]).
Pending guidance from our high court, we agree that section
1170.95 does not apply to final convictions for attempted
murder.[5]  (See, e.g., *Harris* at p. *6; *People v. Alaybue* (2020)
51 Cal.App.5th 207, 222 (*Alaybue*); *Lopez, supra*, 38 Cal.App.5th
at pp. 1104–1105, review granted.)

This conclusion is consistent with the plain language of
section 1170.95.  Section 1170.95 allows the petitioner to seek
only "to have [his or her] murder conviction vacated and to be
resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)
Subdivision (d)(1) of section 1170.95 permits the trial court to
conduct a hearing "to determine whether to vacate the murder
conviction" and subdivision (d)(2) similarly refers only to a
"murder conviction."  Because the statute does not refer to
attempted murder, the plain language refutes McDaniels's
arguments that the Legislature intended section 1170.95 to
apply to attempted murder.  (*Lopez, supra*, 38 Cal.App.5th at
pp. 1104–1105, review granted.)  Further, "[i]n deciding to omit
attempted murder from the ambit of Senate Bill 1437, the
Legislature could have reasonably concluded that the need to
address sentencing reform was more appropriately directed at

---

[5] Whether Senate Bill 1437 applies to attempted murder
liability under the natural and probable consequences doctrine is
currently pending in our Supreme Court.  (*People v. Lopez* (2019)
38 Cal.App.5th 1087 (*Lopez*), review granted Nov. 13, 2019,
S258175.)

15

persons convicted of murder as opposed to attempted murder. This is so because the punishment for attempted murder is generally far less than the punishment imposed for murder." (*Alaybue, supra*, 51 Cal.App.5th at p. 224.)

## DISPOSITION

The order denying McDaniels's petition for resentencing is reversed.  Upon remand, the trial court shall issue an order to show cause and conduct a hearing in accordance with Penal Code section 1170.95, subdivision (d).

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

16